FILED

2006 Nov-07  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re TYSON FOODS LITIGATION    )     Consolidated Case No.
                                     )     CV-05-BE-1704-E
                                     )
_____    )

## CONSENT DECREE AND FINAL JUDGMENT

## I.  INTRODUCTION

This Consent Decree is made and entered into by and between Plaintiffs United States Equal Employment Opportunity Commission ("EEOC"), Henry Adams, Letrek Beavers, Avery Garrett, Willie Garrett, Willie Griffin, Conrad Scales, Willie Sillmon, Michael Smoot, Clay Thomas, Leon Walker, Jather Whetstone, Bobby Welch, and Vincent Young (collectively "Private Plaintiffs"), and Defendant, Tyson Foods, Inc. ("Tyson Foods").

On August 11, 2005, the EEOC initiated this action by filing its Complaint, alleging that Tyson Foods violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.*, ("Title VII") and the Civil Rights Act of 1991, 42 U.S.C. §1981a.  In its Complaint, the EEOC alleges that Tyson Foods, Inc., ("Tyson") discriminated against a class of Black employees at its Ashland, Alabama, facility by establishing and maintaining a racially segregated bathroom facility.  In addition, the EEOC alleges that Tyson retaliated against certain employees after they complained about the existence of this racially segregated facility.

On the same date, the Private Plaintiffs intervened in the EEOC's lawsuit by filing a Complaint in Intervention.  In their Complaint (titled "Complaint in Intervention") these individuals alleged that Tyson had violated Title VII, 42 U.S.C. §1981 ("§ 1981"), and various provisions of Alabama law, by subjecting them to racially segregated facilities, a racially hostile work environment, and retaliating against them for complaining about these conditions.  The Individual Plaintiffs also sought to intervene in the action filed by the EEOC.  On August 25, 2005, the Individual Plaintiffs filed an Amended Complaint.

On October 11, 2005, Tyson filed Answers in each case in which it denied the

allegations contained in the Complaints and asserted certain affirmative defenses.

On November 1, 2005, the court ordered that the two cases be consolidated for discovery and pretrial purposes as <u>In Re Tyson Foods Litigation</u>, Consolidated Case No. CV-05-BE-1704-E.

 After extensive discovery, the EEOC, the Private Plaintiffs and Tyson Foods have agreed that it is in their mutual interest to settle the claims in the Complaints in order to avoid protracted litigation.  As a result of comprehensive and extensive settlement negotiations, they have reached agreement to resolve the claims on the terms set forth in this Consent Decree ("Decree").

The Parties stipulate to the jurisdiction of the court and waive a hearing as well as the entry of findings of fact and conclusions of law.

This Consent Decree is entered in full and complete settlement of any and all claims arising out of or contained in EEOC Charge No. 130-2004-01595 and EEOC Charge No. 130-2004-01596; any and all claims arising out of the Determinations issued by the EEOC on Charge No. 130-2004-01595 and Charge No. 130-2004-01596; any and all claims asserted by the Commission in Civil Case No. CV-05-1704; and any and all claims that were made or could have been made by the Individual Plaintiffs in Civil Case No. CV-05-1704 and Civil Case No. CV-05-1720.

## II. GENERAL PROVISIONS

1.     **Scope:**  The terms of this Decree cover the Defendant's Ashland, Alabama, facility, its employees, the Oxford Complex Manager, and Human Resources personnel with responsibility for the Ashland facility's compliance with Defendant's human resource and personnel policies.

2.     **Term of the Decree:**  The Decree shall remain in effect for the three years (36 months) subject to the relevant legal standards for the modification of the term of a consent decree.

3.     **Effect of Consent Decree:**  The Decree becomes effective immediately upon the date on which the court enters it.  The Decree fully and completely resolves all claims arising out of or contained in EEOC Charge No. 130-2004-01595 and EEOC Charge No. 130-2004-01596; any and all claims arising out of the EEOC's Determinations issued on Charge No. 130-2004-01595 and Charge No. 130-2004-01596; any and all claims asserted by the Commission in Civil Case No. CV-05-1704;

and any and all claims that were made or could have been made by the Individual Plaintiffs in Civil Case No. CV-05-1704 and Civil Case No. CV-05-1720. This Consent Decree does not, however, affect any other administrative charges pending with the EEOC or any cases currently pending in court other than those charges and cases specifically referred to in this paragraph.

4.  **Complete Consent Decree:**   This Decree constitutes the complete understanding among Tyson Foods, the EEOC, and Private Plaintiffs with respect to the matters herein.

5.  **Non-Admission of Liability:**   Although entering into this Decree, Tyson Foods denies that it has violated any federal, state, or local law, or that it has any liability under any claims asserted in the Complaints.   Tyson Foods enters into this Decree to avoid the disruption, costs, delay and expense of litigation.

6.  **Racial Discrimination**:   Tyson, its successors, assigns, agents, and all those in active concert or participation with them, or any of them, shall not violate Title VII or § 1981 by (a) discriminating against any employee of its Ashland facility on the basis of race; (b) engaging in or being a party to any action, policy, or practice that is intended to or is known to them to have the effect of harassing or intimidating any employee of its Ashland facility on the basis of his or her race in violation of Title VII or § 1981; or (c) creating, assisting, or tolerating the existence of a work environment that is racially hostile to employees of its Ashland facility in violation of Title VII or § 1981.

7.  **Retaliation**: Tyson, its successors, assigns, agents, and all those in active concert or participation with them, or any of them, shall not violate Title VII or § 1981 by engaging in or tolerating any action, policy, or practice with the purpose of retaliating against any employee of its Ashland facility of Tyson because he or she opposed any practice made unlawful under Title VII, filed a charge of discrimination challenging any such practice, testified, or participated in any manner in any investigation (including, without limitation, any internal investigation undertaken by Tyson), proceeding, hearing in connection with these consolidated cases or relating to any claim of discrimination under Title VII, was identified as a possible witness in this action, asserted any rights under this Decree, or sought or received any monetary or non-monetary relief in accordance with this Decree or any subsequent modification.

8.  **Consent Decree Coordinator:**  By the effective date of this Decree, Tyson Foods will enhance Ashland's human resource function by designating Cathy

Johnson, Vice President, Employment Compliance, a senior level employee, with experience in human resources management, to serve as Consent Decree Coordinator ("the Coordinator") to oversee the implementation by Tyson Foods of the terms of this Decree. Tyson shall bear all costs associated with the selection and retention of the Coordinator and the performance of the Coordinator's duties during the term of this Decree. The Coordinator shall work from Tyson Food's corporate office and be available to Ashland employees to (1) discuss questions, complaints and concerns about race discrimination or retaliation, (2) provide answers to questions, (3) explain Tyson Foods policies against discrimination and retaliation, and (4) oversee EEO complaint investigations as explained in Paragraph 9 below. Tyson Foods will inform all employees in the Ashland facility of the appointment and function of the Coordinator.

9.    **Coordinator Oversight:** In addition to the duties specified in Paragraph 8, the Coordinator shall be responsible for the following:

a.    Reviewing the policies and procedures addressing discrimination, harassment, and retaliation, including those policies which govern the investigation of such complaints, and supplementing them for Ashland, as necessary, to comport with the provisions of this Consent Decree;

b.    Ensuring training for all Ashland employees on Tyson's policies and procedures against discrimination and retaliation;

c.    Ensuring training for all supervisors, managers, and human resources personnel responsible for implementing Tyson policies in Ashland, Alabama, (regardless of where these individuals are located), on recognizing discrimination and retaliation and responding to such complaints;

d.    Directing Tyson's response to any complaints or inquiries arising out of the Ashland facility regarding racial discrimination or harassment to ensure an adequate response and to prevent retaliation against employees who complain or inquire about discrimination or retaliation;

e.    Holding Ashland employees and managers accountable for conduct not consistent with Tyson's anti-discrimination/equal employment opportunity policies, conduct not consistent with anti-discrimination/equal employment opportunity laws, or for engaging in conduct prohibited under this Decree;

f.    Preparing and submitting reports required by this Decree;

4

g.     Ensuring that all complaints of race discrimination, harassment, or retaliation are investigated in a manner consistent with Tyson's policies and the terms of the Consent Decree, and that all records compiled or relied upon during the investigation, including witness statements and notes of the investigation, are maintained;

h.     Establishing a centralized record keeping procedure to track Ashland complaints and inquiries regarding harassment and retaliation, and monitoring such complaints to prevent retaliation; and

i.     Monitoring Tyson's employee discipline at Ashland for potential or actual disparate treatment in the distribution of discipline and/or the resolution of grievances, with particular attention devoted to the retroactive imposition of discipline in situations which suggest disparate treatment of employees who commit the same or similar offenses;

10.    **Monitoring:**  The EEOC will be responsible for monitoring Tyson Foods' compliance with the Decree.  The Individual Plaintiffs are responsible for monitoring Tyson Foods' compliance with provisions in this Decree which provide material benefits to them.

11.    **Defining Racial Harassment and Other Terms:**  Within the first sixty (60) days of this Decree, with the assistance of the Coordinator, Tyson Foods will develop and provide each Ashland employee with a written description of the types of practices that are prohibited, either pursuant to Title VII or §1981, or under the Tyson Foods policy against discrimination and harassment, and its policy against retaliation. This description shall include the following:

a.     A strong and clear commitment to a workplace free from racial discrimination, harassment, and retaliation;

b.     Specific examples, of prohibited racial harassment and retaliation;

c.     A description of the possible consequences that will be imposed upon violation of the policy against discrimination, harassment and retaliation;

d.     A statement encouraging employees to come forward if they believe that they have been the victim of race discrimination, harassment, or retaliation;

e.      An assurance that persons who in good faith complain about discrimination or retaliation they experience or witness will not be the subject of retaliation;

f.      A clear description of the complaint process that provides multiple accessible avenues to complain;

g.      Assurances that the employer will protect the confidentiality of discrimination complaints to the extent possible;

h.      A commitment that the complaint process will provide for prompt, thorough, and impartial investigations;

j.      Assurances that Tyson will take immediate and appropriate corrective action if it determines that discrimination, harassment or retaliation has occurred; and

k.      Contact information, including name, address, and telephone number of internal persons to whom employees may report complaints of discrimination, harassment or retaliation at any time without fear of reprisal.  The contact information shall be posted in an area accessible to all employees, along side the notice required by Section 711(a) of Title VII, 42 U.S.C. § 2000e-10(a).

This description shall be subject to the training provided under Paragraph 12, below.  A copy of the description shall be submitted to the EEOC and distributed to all Tyson employees within sixty (60) days of the Effective Date of this Decree.

12.   **Development of EEO Training Program:**  Within sixty (60) days of the effective date of this Decree, Tyson Foods shall have in place a program to provide mandatory EEO training at Ashland to (a) non-supervisory employees, (b) supervisory and management employees, and (c) human resource employees who are employed at or have direct responsibility for the company's Ashland facility.  This program shall address all aspects of race discrimination and harassment in the workplace, including (1) a plan to ensure that all employees who are to receive the required training actually receive the training, and (2) an explanation of a manager's role in reporting potential racial harassment/discrimination.  The mandatory training will at a minimum: (a) occur once every year for the duration of this decree; and (b) be in person or interactive training accompanied by materials prepared by trainers experienced in the subject matter and shall educate the employees about the problems

of discrimination in the workplace. The purpose of the training shall be to give the participants a thorough understanding of discrimination and harassment issues, including but not limited to theories of liability under Title VII, sources of legal protection for victims of discrimination and harassment, and the employer's obligation to take preventive, investigative, and remedial action with respect to discrimination and harassment complaints, and to review company policies that prohibit discrimination, harassment, or retaliation. In addition, at the training provided to supervisors, managers, and human resource personnel, the training shall include: 1) a detailed description of the specific responsibilities of Tyson's supervisory, managerial, and human resource personnel when they witness or learn of discrimination, harassment, or retaliation or receive a complaint or inquiry regarding discrimination, harassment, or retaliation; and 2) a detailed description of the consequences for Tyson's supervisory, managerial, and human resources personnel who fail to perform their responsibilities when they witness or learn of discrimination, harassment, or retaliation, or inquiry regarding discrimination, harassment, or retaliation.

The first year's training shall last a minimum of two hours. Subsequent training shall last a minimum of one hour. During training for managers and supervisors, the managers and supervisors will be provided with a written step-by-step process of how to report possible racial harassment, discrimination, or retaliation. Tyson's trainers shall be Cathy Johnson, Vice President, Employment Compliance, and Cheryl Cofield-Fort, Director of Employment Compliance. At least sixty (60) days prior to the initial proposed training session, Tyson shall submit an outline of the contents of the training to the EEOC. The EEOC shall have fifteen (15) days from the date of receipt of the training outline to propose any changes to the contents of the training program. Any disputes concerning whether the substance of the training complies with this Consent Decree shall be resolved in accordance with the Dispute Resolution Procedure set forth below. For the term of this Decree, all new employees and all employees who are promoted from a staff/hourly position to a managerial position more than 120 days before the next schedule training under this Decree shall be shown a videotape of the most recent training program for managerial or staff/hourly employees, as appropriate, within ninety (90) days of hire or promotion.

13.   **Attendance at Training:** At least thirty (30) days prior to any scheduled training under Paragraph 12, and except for orientation of new employees or newly promoted employees, Tyson Foods will provide the EEOC with notice of the date, time, and location of scheduled training. EEOC, at its discretion, may send one representative to observe the scheduled training, provided however, that Tyson Foods is under no obligation to modify the date of a proposed training session to

accommodate the schedule of an EEOC representative who may attend.  Any representative who observes any scheduled training shall not interject him or herself into the training. If no EEOC representative is available on the date of any scheduled training under Paragraph 12, Tyson will video tape the training for later review.  Any dispute regarding whether the substance of the training complies with this Consent Decree shall be resolved in accordance with the Dispute Resolution Procedure set forth below.

14.     **Dissemination of Information about the Consent Decree:**  Within fifteen (15) business days after the Effective Date of the Decree and for one year after the Effective Date, Tyson shall post a copy of the "Notice to Employees," attached as Exhibit 1, in a clearly visible location frequented by employees at its Ashland, Alabama, facility.  Within one-hundred twenty (120) days of the effective date of this Decree, Tyson Foods shall conduct meetings advising all employees in Ashland of the terms and conditions set forth in Sections 6, 7, 8, 9, and 10 of the Decree.  The notification requirements of this paragraph may be combined with the training required under Paragraph 12.   Further, two copies of the entire Consent Decree shall be available through the Human Resource office in the Ashland facility to the employees for review and copying during the duration of the Decree.

15.     **Reporting and Record-Keeping**:  On a semi-annual basis for the duration of the Decree, the Coordinator will provide the EEOC with a report on the training conducted under Paragraph 12 of the Decree, and a Title VII Complaint Report that contains a summary of the nature of each complaint and the outcome of the Coordinator's investigation regarding all Ashland employee internal complaints of an alleged racially hostile work environment or retaliation under Title VII.

     a.     The records to be maintained during the period of this Decree shall include:

          i.     Discrimination, harassment and retaliation policies;

          ii.     Complaint procedure;

          iii.     All documents generated in connection with any complaint, investigation into, or resolution of every complaint of discrimination or retaliation for the duration of the Decree and the identities of the parties involved, including, but not limited to, the complainant, alleged perpetrator, investigator(s), witness(es), and decision-maker(s).

   iv. All materials used in Ashland training under this Consent Decree; and

   v. Attendance lists for all Ashland training under this Consent Decree.

b. For the duration of the Decree, the Coordinator shall retain copies of the investigative files of all Ashland complaint investigations of racially hostile work environment or retaliation during the reporting period.  These files shall contain any written complaint (including any written reports of supervisors), all investigative notes, all witness statements, and all other documents compiled during the investigation.

c. Tyson shall provide the following written reports to the EEOC:

   i. Initial Report.  Within ninety (90) days after the Effective Date, Tyson shall submit to the EEOC an initial report which contains:

     1. A copy of the description required under Paragraph 11;

     2. A copy of any supplements to policies under Paragraph 9(a);

     3. A summary of the procedures and record keeping methods developed by the Coordinator for handling, tracking, and monitoring of complaints of discrimination and retaliation; and

     4. A statement confirming that all persons have received the description required under Paragraph 11.

d. Tyson shall also provide the following reports to the EEOC semi-annually throughout the term of this Decree, beginning six (6) calendar months after the Effective Date:

   i. A list of the names and positions of employment of each employee who attended each training required or provided under this Decree during the previous six months, classified by the date and type of training (supervisory employees versus hourly employees);

   ii. A list of the names and positions of each employee who failed to

attend the training, the reason training was not attended, and written confirmation that those employees were or will be trained within thirty (30) days of the missed training;

iii.     Any revisions to the discrimination, harassment, and retaliation policies; and

iv     A brief description of all discrimination, harassment and/or retaliation complaints lodged at Ashland since the submission of the immediately preceding report, and all pending investigations which have not been resolved.  This description shall include the names of the individuals alleging discrimination or retaliation, the nature of the discrimination or retaliation alleged, the dates of the alleged acts of discrimination or retaliation, and a brief summary of how each complaint was resolved.  If a complaint of discrimination or retaliation has not been resolved as of the time of the report, it shall be included in every report until such time as its resolution can be reported.  The open file of any complaint including non-privileged documents generated in connection with any complaint, investigation into, or resolution of any complaint, will be made available upon request.

16.     **Enforcement:** If the EEOC concludes that Tyson Foods is not in compliance with any provision of this Decree, the EEOC may, after complying with the informal resolution procedures set forth in Paragraph 17, petition this court to enforce the Decree.  If an Individual Plaintiff concludes that Tyson Foods is not in compliance with any provision of this Decree which provides material benefits to that individual plaintiff, that individual plaintiff may, after complying with the informal resolution procedures set forth in Paragraph 17, petition this court to enforce the Decree.  In determining whether Tyson Foods is in compliance with the provisions of the Consent Decree, the EEOC and the Individual Plaintiffs will give due consideration to all of the facts surrounding said non-compliance, including whether Tyson Foods has made good faith efforts to (1) investigate allegations of a racially hostile work environment and retaliation; and (2) take prompt and effective measures to prevent and correct such conduct.  Both the EEOC and the individual plaintiffs shall retain the right to seek to intervene in any such enforcement action pursuant to Rule 24, Federal Rules of Civil Procedure.

17.     **Informal Resolution Process:** Before initiating an enforcement action, the EEOC or the Individual Plaintiffs will provide Tyson Foods with written notice of the dispute.  After service of the notice, the EEOC or the Individual Plaintiffs, as

applicable, and Tyson Foods will schedule a telephone or in-person meeting to attempt to resolve the dispute. Absent a showing by either party that the delay will cause irreparable harm, Tyson shall have forty-five (45) days to attempt to resolve or cure the alleged breach. The Parties agree to cooperate with each other and use their best efforts to resole any dispute which may arise, After forty-five (45) days have passed without resolution or agreement to extend the time further, the EEOC or the individual plaintiffs may petition this court for compliance with this Decree, seeking injunctive relief, including, but not limited to, the imposition of attorneys' fees and costs.

18.    **Plaintiffs' Personnel Files:** Tyson Foods will remove from each of the Private Plaintiff's personnel files all negative information, if any, related to the claims alleged in the Private Plaintiffs' Complaint.

19.    **Accountability of Supervisors:** Tyson shall impose substantial discipline - up to and including termination, suspension without pay or demotion - upon any Ashland supervisor or manager who engages in racial discrimination, racial harassment, or retaliation or who knowingly permits any such conduct to occur in his or her work area or among employees under his supervision. These supervisors and managers shall also be accountable for forwarding complaints of discrimination, harassment, or retaliation to the individuals charged with processing such complaints under Tyson's policies and the provisions of this Decree. Tyson shall specify to its Ashland managers and supervisors, in writing, that their performance evaluations will include an evaluation of their compliance with Tyson's discrimination, harassment, and retaliation policies and procedures. Copies of this writing shall be provided to the Plaintiffs within thirty (30) days after it is provided to managers and supervisors.

20.    **Costs Of Administration And Implementation Of Consent Decree:** Tyson shall bear all costs associated with its obligations under this Consent Decree.

21.    **Costs and Attorneys' Fees:** Tyson agrees to pay the reasonable attorneys' fees and costs of counsel to the Individual Plaintiffs within ten (10) days of the effective date of the Consent Decree.

22.    **Individual Relief:** Tyson agrees to pay in settlement of all claims alleged against it by the Individual Plaintiffs and the EEOC the gross sum of $871,000. The attorneys for the Individual Plaintiffs shall advise Tyson Foods as to the portion of the gross settlement fund to be awarded to each Individual Plaintiff. Each payment to be made by Tyson to an Individual Plaintiff shall be made within twenty (20) days of receipt by Tyson of a Release Agreement signed by the Individual Plaintiff and in

a form that is acceptable to Tyson.

The parties agree that the monies paid in settlement of this case are for asserted emotional distress sustained by each Individual Plaintiff as a result of the conduct alleged in the Complaints. Accordingly, no withholdings shall be made from any of the payments. Tyson shall report all monetary payments to the Individual Plaintiffs under this Decree on IRS Form 1099. Each Individual Plaintiff shall be responsible for payment of taxes owed to any governmental authority as a result of payments made to him under this Decree.

So ORDERED this 7th day of November, 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

**Agreed to in form and content:**

For Plaintiff Equal Employment Opportunity Commission:

Ronald Cooper, Esq.
General Counsel

James Lee, Esq.
Deputy General Counsel

Gwendolyn Young Reams, Esq.
Associate General Counsel

Equal Employment Opportunity Commission
1801 "L" Street, Northwest
Washington, D.C.  20507


__/s/ C. Emanuel Smith_____
C. Emanuel Smith, Esq. (MS Bar 7473)
Regional Attorney

__/s/ Charles Guerrier_____
Charles Guerrier, Esq.  (OH 0023546)
Senior Trial Attorney

Mason D. Barrett, Esq.
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205


**Agreed to in form and content:**

For Individual Plaintiffs:

_/s/ Michael L. Foreman_____
Michael L. Foreman, Esq.
Audrey J. Wiggins, Esq.
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue, NW, Suite 400
Washington, DC 20005

_/s/ Harlan I. Prater, IV_____
Harlan I. Prater IV, Esq. (ASB-7485-T62H)
Kevin E. Clark, Esq. (ASB-3281-C57K)
Brandy Owens, Esq. (ASB-9285-B40O)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 20th Street North
Birmingham, AL 35203

_/s/ George N. Davies_____
George N. Davies, Esq.  (ASB-3923-A63G)
NAKAMURA, QUINN & WALLS LLP
Lakeshore Park Plaza, Suite 130
2204 Lakeshore Drive
Birmingham, AL 35209

_/s/ James P. Tallon_____
James P. Tallon, Esq.
James Kim, Esq.
James Athas, Esq.
Brynna Connolly, Esq.
Ladan F. Stewart, Esq.
SHEARMAN & STERLING LLP
599 Lexington Avenue
New York, NY 10022

**Agreed to in form and content:**

For Defendant:

_/s/ David M. Smith_____
David M. Smith, Esq.  (ASB-0455-S82D)
Wyndall A. Ivey, Esq.  (ASB-0353-Y87W)

Janell M. Ahnert, Esq.  (ASB-9644-H70J)
MAYNARD COOPER & GALE PC
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, AL 35203-2618


 /s/ Donald R. Livingston_____
Donald R. Livingston, Esq.  (DC 436063)
Michele A. Roberts, Esq.  (DC 337998)
Nilufer Loy, Esq.
AKIN GUMP STRAUSS HAUER & FELD
Robert S. Strauss Building
1333 New Hampshire Avenue NW
Suite 400
Washington, DC 20036-1564

EXHIBIT 1
## NOTICE TO ALL EMPLOYEES OF TYSON FOODS, INC.
## ASHLAND, ALABAMA, FACILITY

This Notice is being posted as part of the remedy agreed to pursuant to a Consent Decree between Tyson Foods, Inc., and the Equal Employment Opportunity Commission (EEOC). Copies of the entire Consent Decree are available for review and copying through the Human Resource Office in the Ashland facility.

**Unlawful Discrimination:** Under federal law, it is unlawful for an employer to discriminate based on race. Among other things, this means that the work environment should be free from harassment or ridicule based on race or color. Under the Consent Decree, Tyson Foods, Inc., will not discriminate on the basis of race or permit a racially hostile environment to exist at its Ashland facility.

**Unlawful Retaliation:** Under federal law, it is also unlawful to discriminate or retaliate against any individual who reports or complains about what he or she reasonably believes to be unlawful discrimination based on race or color. Under the Consent Decree, Tyson Foods, Inc., will not retaliate against any person who opposes discrimination, files a complaint concerning discrimination, or participates in any formal proceeding or internal investigation conducted concerning discrimination in the workplace.

**Reporting Improper Conduct:** If you are aware of any events, conduct, or information, which you believe may indicate some improper discrimination or harassment, it is very important that you report the information so the necessary steps may be taken to investigate, identify, and promptly remedy any problems. You may report such improper conduct to any of the following:

**Reporting to Tyson Foods, Inc.:** Within the Tyson organization, you may make such a report to your human resource representative, or to any supervisor or manager.

**Reporting to the Consent Decree Coordinator:** Under the Consent Decree between EEOC and Tyson Foods, Inc., Cathy Johnson, Vice President, Employment Compliance, has been designated as Consent Decree Coordinator to ensure enforcement of the Consent Decree. By reporting a problem to her, you do not waive any rights to file a charge of discrimination with the EEOC.

Under the Consent Decree, the EEOC is responsible for monitoring Tysons' compliance with the provisions of the Decree. Copies of the entire Consent Decree are available for review and copying through the Human Resource Office in the Ashland facility. If you believe that you have been discriminated against or that rights guaranteed to you by the Consent Decree have been violated, you may contact the EEOC at U.S. Equal Employment Opportunity Commission, Ridge Park Place, 1130 22nd Street South, Suite 2000, Birmingham, Alabama, 35242. The EEOC charges no fees and has employees who speak languages other than English.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED

**This Notice must remain posted for one year from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to the EEOC at the above address.**

_  November 8, 2006  _   _____   _____
Date                              For EEOC                          For Tyson Foods, Inc.